## Bids on Tires and Tubes

LEHRMAN, Deputy Attorney General, June 28, 1949.—Request has been made to the Department of Justice to determine if language contained in existing Commonwealth specifications for furnishing tires and

tubes is legal. The language questioned is as follows:

"Proposal must be of the manufacturer, and manufacturer's trade name as inserted by the bidder. No bids or proposals will be considered covering tires and tubes that do not bear the trade name of the actual manufacturer. So-called 'special brand' tires will not be considered under this proposal. The words 'special brand' as used herein are meant to cover tires and tubes sold or dealt in under name other than those of the actual manufacturer."

A protest has been filed on behalf of Cities Service Oil Company that prevailing specifications and conditions in Commonwealth bids are discriminatory, unlawful and restrictive of competition. It states that it is a Pennsylvania corporation and markets tires and tubes which are indisputably of first quality and which will pass any quality specifications which may be exacted by the Department of Highways or the Bureau of Standards of the Department of Property and Supplies. It asserts that there is no connection between having the tire manufacturer's name stamped on the tire and tube and the quality or durability of any tire or tube.

Our duty is to determine if there is any basis to support the specifications and to see if the law applicable to bidding is being properly applied.

The undisputed facts disclose that the Department of Property and Supplies has invited bids on tires and tubes and has inserted in said specifications so-called "approved manufacturers" whose tires and tubes may be bid upon. Among the list of tire manufacturers is included United States Rubber Company, manufacturer of United States tires.

The Department of Property and Supplies has never solicited bids from persons other than so-called manufacturers or their qualified agents for the reason that it felt generally the manufacturers would bid a

cheaper price than any of their dealers. Although Cities Service Oil Company is not a tire manufacturer, it is admitted that it is a contractor with the United States Rubber Company and huge quantities of tires and tubes are manufactured for it under the name of "Cities Service".

The Department of Property and Supplies has been furnished with a letter from the United States Rubber Company certifying that Cities Service tires and tubes are of first quality and equal in quality to United States tires and tubes.

In all proposals there is contained under "Conditions and Instructions to Bidders", paragraph "W", which is considered part of the contract and which reads as follows:

"Wherever in these proposal forms and specifications an article or material is defined by using a trade name and/or the name and catalogue number of a manufacturer or vendor the term 'or equal' if not inserted therewith, shall be implied. It is to be understood that any reference to a particular manufacturer's product, either by trade name or by limited description has been made solely for the purpose of more clearly indicating the minimum standard of quality desired. The term 'or equal' is defined as meaning any other make equal in material, workmanship and service, and as efficient and economical in operation. An article meeting these conditions may be accepted."

Since all conditions stated in the proposal are part of the contract they must be given effect. We cannot, in paragraph "W" state bidders may bid on "equal" products and then in an earlier paragraph restrict the class of bidders by imposing a duty upon the bidder to have a special source of supply. (See McQuillin on Municipal Corporations, 2d ed., vol. 3, sec. 1301, p. 1193.)

Section 2403 (*a*) of The Administrative Code of April 9, 1929, P. L. 177, as amended, imposes a duty upon the Department of Property and Supplies to ". . . (a) formulate and establish standards or specifications whenever practicable, for articles, materials, supplies . . .".

Likewise, section 2409 imposes a duty on the Department of Property and Supplies ". . . to award the contracts to the lowest responsible bidder, on each of the items of the several classifications of the schedules . . .".

To award a bid to the lowest responsible bidder means the bidders must be on an even plane. Specifications must not be unreasonably restricted. All persons or corporations having the ability to furnish tires or tubes should be allowed to compete freely without any unreasonable restriction. The Department of Property and Supplies cannot assert that limiting bidders to approved manufacturers of tires is not restricting bidding although this may be an argument that a manufacturer will be able to bid cheaper than one of his dealers. The right of a party to bid whether or not he is a manufacturer must be preserved unless there is some legal reason to the contrary.

We do not wish to say that the Department of Property and Supplies cannot insert proper conditions in their proposals for bids. In fact, many Commonwealth proposals are filled with such conditions, and bidders are bound to observe them. Thus, the Department of Property and Supplies may make restrictions as to kind and quality of the material to be used. It may require bidders to furnish a certificate of the manufacturer of certain materials to be used in order that an uninterrupted supply may be available during the time fixed for completion of a contract, and the specifications may even require a specimen of the

material to be submitted by the bidders. (Present practice in coal contracts.) (See United States v. Brookridge Farm, 111 F. (2d) 461 (Colo.) (1940).)

It does not follow that because the Department of Property and Supplies may impose reasonable conditions on the quality of supplies to be furnished by the bidder, the class of bidders must be limited solely to so-called "approved manufacturers". This appears to be the error in the present specifications. It is well known that testing laboratories are available to make tests of products furnished. The spirit of fair competition is best set out at page 463 of the opinion in United States v. Brookridge Farm, supra, as follows:

"The purpose of these statutes and regulations is to give all persons equal right to compete for Government contracts; to prevent unjust favoritism, or collusion or fraud in the letting of contracts for the purchase of supplies; and thus to secure for the Government the benefits which arise from competition. In furtherance of such purpose, invitations and specifications must be such as to permit competitors to compete on a common basis. Conditions or limitations which have no reasonable relation to the actual needs of the service and which are designed to limit bidding to one of several sources of supply are interdicted, and render the award of a contract made in such circumstances voidable."

Likewise, our Pennsylvania courts have held in many instances that free competition is essential in public bidding and public agencies cannot limit purchase of products to those made only by one company. See Pearlman v. Pittsburgh et al., 304 Pa. 24 (1931).

For these reasons, we conclude that the language in question in the invitation bid proposals submitted for furnishing tires and tubes and the listing of approved manufacturers is discriminatory and restricts free competition.

It is our opinion, and you are therefore advised that the language in the specification in question first above quoted, is illegal; that the listing in the specification of approved manufacturers is likewise illegal, and that Cities Service Oil Company should be allowed to bid on tires and tubes required by the Commonwealth under products manufactured by the United States Rubber Company and bearing the name "Cities Service" on the tires and tubes.